Wen Mei Lu v Wen Ying Gamba (2022 NY Slip Op 06037)

Wen Mei Lu v Wen Ying Gamba

2022 NY Slip Op 06037

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

533300
[*1]Wen Mei Lu et al., Plaintiffs,
v
Wen Ying Gamba et al., Defendants. Xiang We Gao, Appellant; David Harper, as Receiver, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Lipsig, Shapey, Manus & Moverman, PC, New York City (Vincent Chirico of Chirico Law PLLC, New York City, of counsel), for appellant.
Cabaniss Casey LLP, Albany (John B. Casey of counsel), for respondent.

Lynch, J.
Appeal from an order of the Supreme Court (James E. Walsh, J.), entered April 9, 2021 in Saratoga County, which denied Xiang We Gao's motion to join the receiver in a related action.
The underlying action involves an ownership dispute over two properties in Saratoga County (158 AD3d 1032 [3d Dept 2018];157 AD3d 1101 [3d Dept 2018]). In July 2017, Supreme Court (Nolan, J.) issued an order appointing David Harper as a temporary receiver over the properties (see CPLR 6401). Thereafter, in March 2018, nonparty Xiang We Gao commenced a personal injury action in Kings County against two of the purported owners of one of the properties (hereinafter the Duo property). Gao, who was employed by a restaurant operating on the Duo property, allegedly was injured after slipping on ice. Pertinent to this appeal, in October 2020, Gao moved for an order pursuant to CPLR 1001, 1017 and 6401 granting him permission to add the receiver as a party in the Kings County action (see Copeland v Salomon, 56 NY2d 222, 227-228 [1982]; Independence Sav. Bank v Triz Realty Corp.,100 AD2d 613, 613 [2d Dept 1984]). Supreme Court (Walsh, J.) denied the motion. Gao appeals.[FN1]
We reverse. Generally, a temporary receiver appointed pursuant to CPLR article 64 "is a person appointed by the court to take control of designated property and see to its care and preservation during litigation" (Siegel & Connors, NY Prac § 332 at 606 [6th ed 2018]). Pertinent here, the appointment order authorized the receiver "to immediately take charge and enter possession of the properties," and empowered the receiver to "act as manager and landlord of the properties." Correspondingly, the receiver was "authorized and obligated to keep the properties insured against loss by damage of fire . . . and to procure such . . . other insurance as may be reasonably necessary." Given these directives, we cannot agree with Supreme Court's assessment that the receiver was accorded only a limited role that did not include property maintenance. To the contrary, the receiver was charged with both the authority and responsibility to assume control over the properties. Pursuant to CPLR 1017, "[i]f a receiver is appointed for a party . . . the court shall order substitution of the proper parties." That is the situation here. By the court's directive, responsibility over the management of the properties was passed from the disputing owners to the receiver (see Siegel & Connors, NY Prac § 184 at 355 [6th ed 2018]). As such, the receiver should have been substituted as the representative owner of the Duo property in the Kings County action. In so holding, we are mindful that the restaurant lease for the Duo property provides that the tenant is "responsible for all snow removal" and further exempts the landlord "from any and all liability for any damage or injury to person or property caused or resulting from . . . ice or snow." The impact of these provisions as to liability of the receiver and/or the tenant for Gao's claim [*2]necessarily is an issue warranting resolution in the Kings County action. Lastly, because Gao's motion was made within three years of the accident, we reject respondent's contention that the application was barred by the three-year negligence statute of limitations (see CPLR 214 [5]).
Garry, P.J., Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and Xiang We Gao's motion to substitute the receiver as a party in the Kings County action is granted.

Footnotes

Footnote 1: Under the circumstances presented, we conclude that Gao, a nonparty to the action, may appeal (see Mutual Benefits Offshore Fund, Ltd. v Zeltser,172 AD3d 648, 649 [1st Dept 2019], lv dismissed 35 NY3d 933 [2020]; Auerbach v Bennett,64 AD2d 98, 104 [2d Dept 1978], mod 47 NY2d 619 [1979]).